IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**JOSEPH MICHEAL LADEAIROUS,**

    Plaintiff,

v.                                                                                                  Civil Action No. **3:12CV307**

**EDDIE PEARSON,**

    Defendant.

## MEMORANDUM OPINION

Joseph Michael Ladeairous, a Virginia prisoner proceeding *pro se* and *in forma pauperis*, brings this 42 U.S.C. § 1983 action.[1] Defendant Pearson has moved to dismiss the action. Ladeairous has responded. (ECF No. 25.) For the reasons set forth below, the Motion to Dismiss (ECF No. 20) will be GRANTED.[2]

### I. Standard of Review

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] Although the defendant failed to address some of Ladeairous's claims, all of Ladeairous's claims are subject to dismissal pursuant to the Prison Litigation Reform Act, which requires this Court to dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A.

1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574

F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Summary of Allegations

Ladeairous is confined within the Virginia Department of Corrections ("VDOC"). Ladeairous wishes to file a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Am. Comp. (ECF No. 10) 1–2.) Ladeairous contends that the pertinent rules require him to file an original and two copies of his § 2254 petition. (*Id.* (citing Rules Governing Section 2254 Cases in the U.S. District Courts, Rule 3).) Therefore, on February 22, 2012, Ladeairous requested that prison officials provide him with two photocopies of his § 2254 Petition. (*Id.* at 2.) Prison officials refused to provide Ladeairous with copies pursuant to a prison policy which provides:

> When an offender is unable to pay for copies in response to a court requirement, copies should be provided and the cost debited to the offender[']s account. Any offender who has an account debit of in excess of [$]50 for photocopies will not be provided any further photocopies unless the offender presents a court order instructing the facility to provide the offender additional photocopying service loans.

(*Id.* (emphasis omitted) (citation omitted) (internal quotation marks omitted) (capitalization corrected).)

Ladeairous names as the sole defendant, Eddie Pearson, the Warden of Sussex I State Prison. Ladeairous contends that by enforcing the above policy, Pearson has violated:

3

| | |
|---|---|
| Claim One | Ladeairous's right to reasonable access to the courts; |
| Claim Two | Ladeairous's right to Equal Protection;[3] |
| Claim Three | Ladeairous's right to due process;[4] and, |
| Claim Four | The Suspension Clause.[5] |

### III. Analysis

Initially, it is appropriate to address Ladeairous's misconception that lack of photocopies prevents him from filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The pertinent rule requires the inmate to file "[a]n original and two copies of the petition." Rules Governing Section 2254 Cases in the U.S. District Courts, Rule 3(a). However, handwritten or typed copies of the petition are acceptable. *See Price v. Reid*, 161 F. App'x 773, 776 (10th Cir. 2006). Additionally, "[t]here is no need, however, for the plaintiff to submit exhibits to the court in a petition for Writ of Habeas Corpus." *Burns v. Callahan*, No. 87-3792, 1989 WL 21777, at *2 (9th Cir. Mar. 7, 1989). Instead, "Rule 2(c) of the Rules Governing § 2254 Cases provides that a petitioner need only set forth in summary form the facts supporting each of the grounds specified in the petition." *Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002) (internal quotation marks omitted) (citations omitted). Thus, Ladeairous's fails to demonstrate that the prison's photocopying policy prevented him from filing a § 2254 Petition or otherwise denied him reasonable access to the Courts. *See Christopher v. Harbury*, 536 U.S. 403, 414–15 (2002) (emphasizing that for a claim of denial of access to the courts, the plaintiff must show

---

[3] "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

[4] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

[5] "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. Art. 1, § 9, cl. 2.

defendant's acts hindered his ability to pursue a non-frivolous legal claim). Accordingly, Claim One will be DISMISSED.

For similar reasons, Ladeairous's claim that Defendant Pearson violated his rights under the Suspension Clause (Claim Two) lacks merit. In order to sustain a claim under the Suspension Clause a litigant must show that the remedy of a writ of habeas corpus was rendered "inadequate or ineffective." *McGee v. Scism*, 463 F. App'x 61, 64 (3d Cir. 2012) (citing *Swain v. Pressley*, 430 U.S. 372, 381–82 (1977)). Ladeairous fails to allege facts that plausibly suggest the photocopy policy impaired his ability to pursue a petition for a writ of habeas corpus, much less rendered that remedy inadequate or ineffective. *See id.* Accordingly, Claim Two will be DISMISSED.

In Claim Three, Ladeairous contends that Defendant Pearson violated his right to equal protection. In order to state an equal protection claim, Ladeairous must allege facts that plausibly suggest the defendant "treated [him] differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). Ladeairous has not done so. Rather, it appears Defendant Pearson treats Ladeairous the same as all other inmates. *See Davis v. Pelko*, No. 97–1602, 1998 WL 702340, at *1 (6th Cir. Sept. 23, 1998) (dismissing similar equal protection claim). Accordingly, Claim Three will be DISMISSED.

Lastly, Ladeairous contends Defendant Pearson violated his right to due process by failing to provide unlimited access to photocopying services. "Prisoners do not have a right to free photocopies for use in lawsuits." *Kelly v. York Cnty. Prison*, 325 F. App'x 144, 145 (3d Cir. 2009) (citations omitted); *Bell Bey v. Toombs*, No. 93–2405, 1994 WL 105900, at *2 (6th Cir. Mar. 28, 1994) ("[T]he law is settled that an inmate does not enjoy a federal constitutional right

to unlimited free photocopying services." (citing *Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir. 1989); *Wanninger v. Davenport*, 697 F.2d 992, 994 (11th Cir. 1983))). Accordingly, Claim Four will be DISMISSED.

The Motion to Dismiss (ECF No. 20) will be GRANTED. The action will be DISMISSED. The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Final Order will accompany this Memorandum Opinion.

Date: 11/6/13
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge

6